

**J. Dana Pinney**, OSB 753088
E-Mail: JDPinney@Wagelawyer.com
**A. E. Bud Bailey**, OSB 871577
E-Mail: BBailey@Wagelawyer.com
**Karen A. Moore**, OSB 040922
E-Mail: Kmoore@Wagelawyer.com
**Stephanie J. Brown**, OSB 030019
E-Mail: SBrown@Wagelawyer.com
**Bailey, Pinney & Associates, LLC**
1498 SE Tech Center Place, Suite 290
Vancouver, WA 98683
Tele: (360) 567-2551
Fax: (360) 567-3331
Attorneys For Plaintiffs

FILED '09 JUL 01 12:54 USDC-ORP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **Rachelle Capps, Edward Dzialo and James Wilford**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**U.S. Bank National Association**, dba U.S. Bank, a National Association,<br>                    Defendant. | Case No. CV '09    752    PK<br><br>**FIRST CLASS ACTION COMPLAINT**<br><br>1. Failure to Timely Pay Wages<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Aggregate claims exceed $5,000,000** |

Plaintiffs, individually and on behalf of all other similarly situated, bring this complaint stating a class action against Defendant, U.S. Bank National Association (hereafter, "U.S. Bank" or "Defendant") and allege the following upon information and belief. Those allegations concerning Plaintiffs are alleged upon personal knowledge.

### INTRODUCTION

1. Plaintiffs, individually and on behalf of all other similarly situated individuals, file this action to recover penalty wages for former employees of Defendant for its failure to timely pay all wages due and owing. Throughout this Complaint, "similarly situated individuals" refers to former employees of Defendant in the state of Oregon.

2. Defendant is a national association bank and is the sixth largest commercial bank in

Page 1 -     Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

27725

the United States.

3. Defendant performs more than $500,000 gross business per year.

4. Defendant's employees regularly engage in interstate commerce.

5. Defendant operates 2,522 bank branches in 24 states, including Oregon.

6. U.S. Bank is a subsidiary of U.S. Bancorp, a diversified financial holding company which had total assets of $242 billion at quarter-end, March 31, 2008, serves more than 14.9 million customers and employees approximately 54,000 employees.

7. Plaintiff Rachelle Capps was an hourly employee of Defendant in Portland, Oregon. Plaintiff Capps' employment was terminated by Defendant in 2007. Defendant failed to timely pay Plaintiff Capps all wages when due upon termination, as required by Oregon law.

8. Plaintiff Edward Dzialo was a salaried employee of Defendant in Portland, Oregon. Plaintiff Dzialo's employment was terminated by Defendant in 2008. Defendant failed to timely pay Plaintiff Dzialo all wages when due upon termination, as required by Oregon law.

9. Plaintiff James Wilford was a salaried employee of Defendant in Gresham, Oregon. Plaintiff Wilford's employment was terminated by Defendant in 2006. Defendant failed to timely pay Plaintiff Wilford all wages when due upon termination, as required by Oregon law.

10. Plaintiffs seek to represent other similarly situated individuals in a class action in the State of Oregon. The claim seeks penalty wages, pre- and post-judgment interest, costs and attorney fees for Defendant's failure to pay all wages when due upon termination, as required by the laws of the states of Oregon.

## JURISDICTION & VENUE

11. Plaintiff alleges on information and belief, that this Court has subject matter jurisdiction over all claims under the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2), because this is pled as a class action, the amount in controversy exceeds $5,000,000 exclusive of interest and costs and because the alleged class exceed 100 members. Further diversity of citizenship exists between the named Plaintiff and Defendant.

Page 2 -    Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

12. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b) and (c), as the employment practices alleged is brought on behalf of Oregon employees, and were committed in Oregon where Defendant has branches, offices and employees.

## PARTIES

13. At all material times, Plaintiffs and all other similarly situated individuals were former employees of Defendant in Oregon. Defendant is subject to the wage and hour laws of Oregon.

14. Defendant is a national banking association organized and existing under the National Bank Act with its Articles of Association designating Cincinnati, Ohio as the place of Defendant's main office. Defendant also maintains corporate headquarters in Minneapolis, Minnesota. Defendant, at all material times herein, was and is doing business as "U.S. Bank" in the state of Oregon.

15. At the time of filing this complaint, Plaintiffs are individuals who reside in and are citizens of the State of Oregon.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

16. Representative Plaintiffs worked for Defendant in Oregon. Plaintiffs and other similarly situated individuals performed the services required of them by Defendant during their employment.

17. Defendant exercises centralized control over all of its employees who work in Oregon from its headquarters located in Minneapolis, Minnesota.

18. Defendant has a centralized payroll department that oversees, maintains, and processes all payroll for U.S. Bank for all of its locations throughout the United States including Oregon.

19. Defendant has a practice and policy of failing to timely pay its employees whose employment ended when required by Oregon law.

20. Defendant failed to make timely payment of all wages due and owing Plaintiffs and

Page 3 -    Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

similarly situated individuals upon termination of their employment when required pursuant to Or. Rev. Stat. 652.140.

21. In failing to timely pay all of Plaintiffs' and similarly situated individuals' wages upon termination, Defendant was a free agent.

22. In failing to timely pay all of Plaintiffs' and similarly situated individuals' wages upon termination, Defendant determined its own actions.

23. In failing to timely pay all of Plaintiffs' and similarly situated individuals' wages upon termination, Defendant was not responsible to or coerced by any other person, entity or authority.

24. Defendant knew when Plaintiffs' and similarly situated individuals' employment with Defendant ended.

25. Defendant intended to pay Plaintiffs' and similarly situated individuals' final wages in the amount Plaintiffs and similarly situated individuals were paid by Defendant.

26. Defendant intended to make payment of Plaintiffs' and similarly situated individuals' final wages on the date Plaintiffs and similarly situated individuals received their final wages.

27. Defendant failed to make timely payment of all wages due when required by the laws of Oregon, when employment with Defendant ended for Plaintiffs and all other similarly situated individuals.

## CLASS ACTION ALLEGATIONS

28. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals, both in a representative capacity and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover penalty wages due Plaintiffs and the class members under Oregon law.

29. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

30. Common questions of law and fact exist as to all class members and predominate over

Page 4 -    Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

any questions that affect only individual class members. The conduct at issue in this case affected Plaintiffs and all purported class members. Based on information and belief, the members of each class exceed 100 persons, and that number will increase depending upon employee turnover.

31.     Plaintiffs and similarly situated individuals were not timely paid all waged due upon termination as required by Oregon State laws.

32.     Defendant knew it failed to timely pay all wages to Plaintiffs and similarly situated individuals upon their termination.

## DEFINITION OF CLASSES

33.     Plaintiffs seek certification to include, but without limitation to, the following potential class:

> A.     **LATE PAYMENT CLASS** - Within the applicable time period before the filing of this action through th date this action is commenced, for Plaintiffs and others similarly situated whose employment with Defendant in Oregon ended, and who did not receive all wages when due.

## NUMEROSITY OF THE CLASS (FRCP Rule 23(a)(1))

34.     Members of the Class are so numerous that their individual joinder is impracticable. The precise number of members of the Class and their addresses is unknown to the Plaintiffs. Plaintiffs estimate the Class exceeds 100 persons. The precise number of persons in the Class and their identities and addresses can be ascertained from Defendant's records. Members of the Class may be notified of the pendency of this action by mail. This number may increase depending upon the turnover rate of employees during the applicable statutory period before the filing of this complaint.

## COMMONALITY (FRCP Rule 23(a)(2))

35.     Common questions of law and fact exist as to all members of the Class. These

Page 5 -        Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington  98683
(360) 567-2551 • Fax (360) 567-3331

common legal and factual questions include:

  A. Whether Defendant failed to pay Plaintiffs and similarly situated class members all wages at termination of their employment when those wages were due.

  B. Whether Defendant has a practice of failing to timely pay its Oregon employees all wages at termination.

  C. Whether Defendant's failure to pay Plaintiffs and similarly situated class members all wages at termination of their employment when those wages were due was wilful.

  D. Whether Plaintiff is entitled to attorney fees under Or. Rev. Stat. 652.200.

  E. Which remedies are available for the violations of Oregon State wage and hour laws.

  F. Whether Plaintiff and class members are subject to Oregon State wage and hour statutes.

### TYPICALITY (FRCP Rule 23(a)(3))

36. Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs worked for U.S. Bank and are owed wages and/or damages for Defendant's failure to timely pay wages upon termination of employment. The claims of the Named Plaintiffs are typical of the claims of the members of the class in that:

  A. All Named Plaintiffs are members of the class;

  B. Plaintiffs' claim stems from the same practices or courses of conduct that form the basis of the class;

  C. Plaintiffs' claim is based upon the same legal and remedial theories as that of the class and involve similar factual circumstances;

  D. There is no antagonism between the interests of the Named Plaintiffs

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

and absent class members; and

E. The injury which Plaintiffs suffered is similar to the injury which the class members have suffered.

### ADEQUACY OF PLAINTIFFS' REPRESENTATION (FRCP Rule 23(a)(4))

37. The Named Plaintiffs will fairly and adequately represent the class because:

A. There is no conflict between Plaintiffs' claim and that of other class and subclass members;

B. Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation;

C. Plaintiffs' claims are typical of the claims of class members; and

D. The interests of the members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

### INJUNCTION (FRCP 23(b)(2))

38. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with the respect to the Class as a whole. The prosecution of separate actions by individual members of the class would create the risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendant.

### SUPERIORITY (FRCP Rule 23(b)(3))

39. A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and members of the Class. The damages suffered by each individual class member may be relatively small, especially given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Moreover, even if class members themselves could afford such individual litigation, the court system would be over burdened by repeated copy cat suits. Individualized litigation presents a potential for inconsistent or

Page 7 -        Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

contradictory judgments. Individualized litigation increases the delay and expense to all parties. The class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

## CERTIFICATION

40. Plaintiffs' claims are appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because:

    A.    Common questions of law or fact predominate over questions affecting only individual members;

    B.    The forum is convenient to the parties, class members, and potential witnesses, the class is specifically identifiable to facilitate provision of adequate notice, and there will be no significant problems managing this case as a class action;

    C.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have a minimal interest in controlling the prosecution of separate actions;

## FIRST CLAIM FOR RELIEF

**(Late Payment and Penalties – Three Year Statute of Limitations)**

41. Plaintiffs re-allege all previous paragraphs as though fully alleged herein.

42. This class consists of Plaintiffs and members of the late pay class whose employment with Defendant ended within the three years prior to the filing of this action, and who did not receive all wages when due as required by Or. Rev. Stat. 652.140.

43. At the time Plaintiffs' and class members' employment ended, Defendant failed to pay Plaintiffs and class members, all wages when due as required by Or. Rev. Stat. 652.140.

44. In failing to timely pay Plaintiffs' and class members' final wages at termination, Defendant was a free agent.

45. In failing to timely pay Plaintiffs' and class members' final wages at termination, Defendant

Page 8 -    Complaint

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

determined its own actions.

46. In failing to timely pay Plaintiffs' and class members' final wages at termination, Defendant was not responsible to or coerced by any other person entity or authority.

47. Defendant knew Plaintiffs' and class members' employment with Defendant ended.

48. Defendant intended to pay Plaintiffs' and similarly situated individuals' final wages in the amount Plaintiffs and similarly situated individuals were paid by Defendant.

49. Defendant intended to make payment of Plaintiffs' and similarly situated individuals' final wages on the date Plaintiffs and similarly situated individuals received their final wages.

50. Defendant's failure to pay Plaintiffs' and late pay class members' final wages when due continued for a period of time to be determined after discovery is complete.

51. Because of Defendant's failure to immediately make payment of all of Plaintiffs' and class members' wages when due, Plaintiffs' and class members are due penalty wages under Or. Rev. Stat. 652.150, for the continuation of Plaintiffs' and class members' wages for up to 30 days, in amounts to be determined after discovery.

52. Because of Defendant's failure to pay Plaintiffs' and class members' wages within 48 hours after those wages were due and payable, Plaintiffs and class members are entitled to recover costs, disbursements, and reasonable attorneys fees, pursuant to Or. Rev. Stat. 652.200(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. For penalty wages pursuant to Oregon State law: Or. Rev. Stat. §§ 652.140 and 652.150, for Defendant's failure to pay final wages when required by law;

2. For costs or disbursements, pre-judgment and post-judgment interest at the respective rates, and for costs of litigation and attorney fees pursuant to ORS 652.200;

3. Enjoin U.S. Bank and its offers, agents, successors, employees, representatives and any and all person acting in concert with U.S. Bank, as provided by law, from engaging in the unlawful and wrongful conduct set forth herein, and mandate that U.S. Bank and its offers, agents, successors,

BAILEY PINNEY & ASSOCIATES LLC
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331

employees, representatives and any and all person acting in concert with U.S. Bank promptly pay final wages to its employees and institute a procedure to track the prompt payment of wages.

4.  For such further or alternative relief in favor of Plaintiffs and all class members as the Court deems appropriate.

Plaintiffs hereby demand a jury trial on all issues triable by jury.

**Dated**: June 30, 2009.

*(signature)*
A.E. BUD BAILEY, Esquire
OSB #871577
(360) 567-2551
Attorney for Plaintiffs

Page 10 -    Complaint

**BAILEY PINNEY & ASSOCIATES LLC**
Attorneys at Law
1498 SE Tech Center Place, Suite 290 • Vancouver, Washington 98683
(360) 567-2551 • Fax (360) 567-3331