FILED

DEC 2 8 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RACHELLE CAPPS, EDWARD
DZIALO, and JAMES WILFORD,

        Plaintiffs,

                                     CV 09-752-PK

                                     OPINION AND
v.                                  ORDER

U.S. BANK NATIONAL ASSOCIATION,

        Defendant.

_____

PAPAK, Magistrate Judge:

       Plaintiffs Rachelle Capps, Edward Dzialo, and James Wilford filed this wage and hour

class action lawsuit on behalf of themselves and others similarly situated against defendant U.S.

Bank National Association ("U.S. Bank") on July 1, 2009. Plaintiffs allege U.S. Bank's liability

for violation of Or. Rev. Stat. 652.140, which requires employers to pay employees their final

wages within a specified time following the termination of the employees' employment. This

Page 1 - OPINION AND ORDER

court has jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1332(d)(2).

Now before the court is U.S. Bank's motion (#10) to dismiss for failure to state a claim. I have considered the motion, oral argument on behalf of the parties, and all of the pleadings on file. For the following reasons, U.S. Bank's motion to dismiss is denied in its entirety.

## LEGAL STANDARDS

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, *quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a). Instead, the plaintiff must plead affirmative factual content, as opposed to any merely conclusory recitation that the elements of a claim have been satisfied, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), *citing Iqbal*, 129 S. Ct. at 1949.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to

Page 2 - OPINION AND ORDER

dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### FACTUAL BACKGROUND

Named plaintiffs Rachelle Capps, Edward Dzialo, and James Wilford bring this action on their own behalf and on behalf of all others "similarly situated." Plaintiffs' complaint contains allegations that each named plaintiff was an employee of defendant U.S. Bank in Oregon, that U.S. Bank terminated each plaintiff's employment, and that following each plaintiff's termination, U.S. Bank failed to make timely final payment of the plaintiff's wages in violation of Or. Rev. Stat. 652.140. According to plaintiffs' allegations, Capps was an hourly employee of U.S. Bank until terminated in 2007, Dzialo was a salaried employee until terminated in 2008, and Wilford was a salaried employee until his termination in 2006. Plaintiffs do not allege the specific dates on which each named plaintiff's termination occurred, nor do they allege the dates on which each plaintiff ultimately received final payment of wages, or how long the plaintiffs were required to wait after being terminated before receiving final payment.

Plaintiffs further allege that the named plaintiffs are representative of a cognizable class of absent plaintiffs, referred to as the "Late Payment Class." Complaint, ¶ 33. The Late Payment Class is defined as:

Plaintiffs and others similarly situated whose employment with [U.S. Bank] in Oregon ended, and who did not receive all wages when due [within three years prior to the date this action was filed].

## ANALYSIS

The United States Supreme Court recently clarified the pleading standards a complaint

must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. **A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.** *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

*Iqbal*, 129 S. Ct. at 1949 (emphasis supplied). The court explained that its reasoning was

underlain by two distinct legal principles:

> First, **the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions**. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (Although for the purposes

of a motion to dismiss we must take all of the factual allegations in the complaint
as true, we "are not bound to accept as true a legal conclusion couched as a factual
allegation" (internal quotation marks omitted)). Rule 8 marks a notable and
generous departure from the hyper-technical, code-pleading regime of a prior era,
but it does not unlock the doors of discovery for a plaintiff armed with nothing
more than conclusions. Second, **only a complaint that states a plausible claim
for relief survives a motion to dismiss.** *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed.
2d 929. Determining whether a complaint states a plausible claim for relief will
. . . be a context-specific task that requires the reviewing court to draw on its
judicial experience and common sense. 490 F.3d at 157-158. But where the
well-pleaded facts do not permit the court to infer more than the mere possibility
of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the
pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1949-1950 (emphasis supplied).

The Supreme Court has also recently reaffirmed that Federal Civil Procedure Rule 8(a)

does not require that a plaintiff plead specific facts in order to survive a motion to dismiss, but

rather need only "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *citing Twombly*, 550 U.S. at 555,

*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957).

U.S. Bank argues that the allegations of plaintiffs' complaint are insufficient under the

Supreme Court's recent decisions in *Twombly* and *Iqbal*, because the allegations amount to no

more than merely conclusory recitations of the elements of their cause of action and of the

requirements for class certification. U.S. Bank argues that plaintiffs fail to meet the

*Twombly/Iqbal* standard both as to their allegations of the elements of their wage and hour claim

and as to their allegations of class certifiability.

**I.      Analysis of Plaintiffs' Elements Allegations**

Oregon wage and hour law provides that where an employee is terminated *or* the

employee's employment ends by mutual agreement of employer and employee, the employee's

final wages must be paid not later than the end of the next following business day. O.R.S.

652.140(1).  By contrast, where it is the employee who ends the employment relationship, the

employee's final wages must be paid immediately upon the termination of employment if the

employee has given not less than two full business days' notice, or, in the absence of such notice,

within five business days following the employee's departure (or within five business days

following the employee's submission to the employer of time records necessary to calculate the

employee's final wages, if such submission is received by the employer subsequent to the

employee's departure).  O.R.S. 652.140(2).

   In the event an Oregon employer "willfully" fails to make timely payment of a departing

employee's final wages as set forth above, the employer becomes subject to so-called "waiting-

time" penalties, equal to the equivalent of 8 hours' wages at the employee's regular rate of pay for

each day by which the employer missed the statutory deadline for such payment, up to a

maximum of 30 days.  O.R.S. 652.150(1).  The decisions of the Oregon courts clearly establish

that "a determination of willfulness for purposes of ORS 652.150 is not based on a determination

of 'good faith' or 'bad faith.'"  *Vento v. Versatile Logic Sys. Corp.*, 167 Or. App. 272, 278 (2000),

*citing Wyatt v. Body Imaging, P.C.*, 163 Or. App. 526, 531 (1999).  "Rather, the question is

whether a 'person knows what he is doing, intends to do what he is doing, and is a free agent.'"

*Id.*, *quoting Wyatt*, 163 Or. App. at 531-532, *quoting Sabin v. Willamette-Western Corp.*, 276 Or.

1083, 1093 (1976).

   Here, plaintiffs specifically allege that each named plaintiff was terminated by U.S.

Bank,[1] and that U.S. Bank subsequently failed to make timely payment of the final wages due

and owing to each named plaintiff, in violation of Section 140. *See* Complaint, ¶¶ 7-9. Plaintiffs

further allege that U.S. Bank was a "free agent" in failing to make timely payment of the

plaintiffs' final wages, that U.S. Bank was responsible for its own actions, had actual knowledge

of the date each plaintiff's employment ended, and acted intentionally in paying the plaintiffs

when and in the amounts that it actually paid them. *See* Complaint, ¶¶ 21-27. However,

plaintiffs fail to allege the number of days each plaintiff was required to wait after being

terminated before receiving final payment. *See* Complaint, *passim.*

As noted above, it is well established in Supreme Court jurisprudence that in analyzing

the adequacy of allegations within a pleading, courts "presume that general allegations embrace

those specific facts that are necessary to support the claim." *Scheidler*, 510 U.S. at 256, *quoting*

*Lujan*, 504 U.S. at 561. Here, plaintiffs have alleged that each named plaintiff was terminated by

U.S. Bank; in consequence, U.S. Bank was required to pay each plaintiff his or her final wages

by not later than the next business day following each plaintiff's date of termination. In addition,

plaintiffs have alleged that U.S. Bank tendered each plaintiff's final payment of wages in an

untimely fashion. Taken together, these two allegations necessarily "embrace" the specific fact

that each plaintiff was paid his or her final wages at a date later than the end of the next business

day following each plaintiff's termination date. Plaintiffs' complaint is therefore properly

construed as containing a factual allegation of untimely payment for each named plaintiff.

The allegations in plaintiffs' pleading are sufficiently detailed to give U.S. Bank the

---

[1] By contrast, plaintiffs define the members of the Late Payment Class as persons whose
employment with U.S. Bank "ended," without specificity as to whether the employment
relationship was terminated by U.S. Bank or the employee.

notice to which it is entitled under Federal Civil Procedure Rule 8(a), and to permit the court to

draw the reasonable inference that U.S. Bank could be liable for the alleged violations of Oregon

wage and hour law. That is, the factual content of the allegations, construed as set forth above, is

sufficient to satisfy the elements of a cause of action under Section 140, and therefore to raise

plaintiffs' right to relief above the speculative level. U.S. Bank's motion to dismiss is therefore

denied as to the claims brought on behalf of the named plaintiffs.

I.      **Analysis of Plaintiffs' Class Certifiability Allegations**

Federal Civil Procedure Rule 23 provides that plaintiffs may represent a class of similarly

situated persons in a class action lawsuit only where:

(1)     the class is so numerous that joinder of all members is impracticable,

(2)     there are questions of law or fact common to the class,

(3)     the claims or defenses of the representative parties are typical of the claims
        or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of
        the class.

Fed. R. Civ. P. 23(a).

Specifically, Rule 23(a)(1) requires that the class be "so numerous that joinder of all

members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Wilcox Dev. Co. v. First Interstate*

*Bank, N.A.*, 97 F.R.D. 440, 443 (D. Or. 1983) (stating, "as a 'rough rule of thumb,' approximately

forty members is sufficient to satisfy the numerosity requirement.) (internal citation omitted).

All questions of fact and law need not be common to satisfy the commonality

requirement. *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007), *citing Hanlon v.*

*Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The court's determination "is qualitative

rather than quantitative – one significant issue common to the class may be sufficient to warrant certification." *Id.* Thus, plaintiffs may demonstrate commonality by showing that the class members "have shared legal issues with divergent factual predicates" or "a common core of salient facts coupled with disparate legal remedies within the class." *Id.*

"Typicality requires that the named plaintiffs be members of the class they represent." *Dukes*, 509 F.3d at 1184. The typicality requirement "assures that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982) (noting that the typicality and commonality requirements "tend to merge"). Claims are "typical if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Staton v. Boeing Co.*, 327 F.2d 938, 957 (9th Cir. 2003). Thus, courts inquire into "the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Hanon*, 976 F.2d at 508.

Rule 23(a)(4) permits certification of a class action only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1168.

Here, plaintiffs "estimate" that the Late Payment Class "exceeds 100 persons" in number. Complaint, ¶ 34. Plaintiffs acknowledge that they do not know the precise number of members of the putative class at this time, but allege that the number is, or will be, ascertainable from U.S. Bank's records. *See id.*

Page 9 - OPINION AND ORDER

In addition, plaintiffs specifically allege that all members of the putative class share common legal or factual questions, including the following:

A.      Whether Defendant failed to pay Plaintiffs and similarly situated class members all wages at termination of their employment when those wages were due.

B.      Whether Defendant has a practice of failing to timely pay its Oregon employees all wages at termination.

C.      Whether Defendant's failure to pay Plaintiffs and similarly situated class members all wages at termination of their employment when those wages were due was wil[l]ful.

D.      Whether Plaintiff is entitled to attorney fees under Or. Rev. Stat. 652.200.

E.      Which remedies are available for the violations of Oregon State wage and hour laws.

F.      Whether Plaintiff and class members are subject to Oregon State wage and hour statutes.

Complaint, ¶ 35. Plaintiffs further allege that the named plaintiffs are typical members of the putative class for the following reasons:

A.      All Named Plaintiffs are members of the class;

B.      Plaintiffs' claim stems from the same practices or courses of conduct that form the basis of the class;

C.      Plaintiffs' claim is based upon the same legal and remedial theories as that of the class and involve similar factual circumstances;

D.      There is no antagonism between the interests of the Named Plaintiffs and absent class members; and

E.      The injury which Plaintiffs suffered is similar to the injury which the class members have suffered.

Complaint, ¶ 36. Plaintiffs additionally allege that the named plaintiffs can adequately and fairly

Page 10 - OPINION AND ORDER

represent the absent members of the putative class, because:

A.   There is no conflict between Plaintiffs' claim and that of other class and
     subclass members;

B.   Plaintiffs have retained counsel who are skilled and experienced in wage
     and hour cases and in class actions and who will vigorously prosecute this
     litigation;

C.   Plaintiffs' claims are typical of the claims of class members; and

D.   The interests of the members of the Class will be fairly and adequately
     protected by Plaintiffs and their counsel.

Complaint, ¶ 37. Finally, plaintiffs allege that U.S. Bank has "a centralized payroll department

that oversees, maintains, and processes all payroll for U.S. Bank for all of its locations

throughout the United States, including Oregon."

U.S. Bank argues that plaintiffs' allegations are insufficient to survive a motion to dismiss

under the standards set forth in *Twombly* and *Iqbal*. My analysis of plaintiffs' allegations

establishes that U.S. Bank's argument is not well taken. As to numerosity, plaintiffs have pled

their estimate that the putative class contains more than 100 persons. Although plaintiffs lack

actual knowledge, in advance of discovery, of the size of the putative class, the allegation that the

class is estimated to contain in excess of 100 absent members constitutes more than a merely

conclusory recitation of the numerosity element and plausibly suggests that the element will be

satisfied.

As to commonality, plaintiffs allege that all class members share in common the

questions whether they received final payment of wages on an untimely basis and whether U.S.

Bank has a practice of failing to pay final wages in timely fashion, and that all class members'

claims are governed by the same provisions of Oregon statutory law. As to typicality, plaintiffs

Page 11 - OPINION AND ORDER

allege that each named plaintiff is a member of the putative class, that each plaintiff's claims arise out of the same course of U.S. Bank's conduct, that each plaintiff's claims is governed by the same legal theory, that each plaintiff has been harmed in the same way, and that there is no conflict of interest between the named plaintiff and any absent plaintiff. There is nothing insufficient or conclusory about these factual allegations. Plaintiffs' allegations plausibly suggest that the commonality and typicality elements will be satisfied.

Finally, as to adequacy, plaintiffs allege that the claims of all absent class members will be fully and fairly litigated, that the named plaintiffs' interests are not in conflict with those of the absent plaintiffs, and that the named plaintiffs are typical of the class. It is not clear what more specific facts could be adduced to these allegations at this time, or that any additional allegations as to adequacy would or could materially assist U.S. Bank in preparing its answering pleading or its litigation defenses. In any event, the allegations contain affirmative factual content plausibly suggesting that the adequacy element will be satisfied.

Because plaintiffs' class-related allegations contain sufficient affirmative factual content to permit the court to draw the reasonable inference that the named plaintiffs could represent a class of similarly situated persons, U.S. Bank's motion to dismiss is denied as to the plaintiffs' class-related allegations. I therefore do not address plaintiffs' argument that, to the extent

/ / /

/ / /

/ / /

/ / /

/ / /

Page 12 - OPINION AND ORDER

directed at the class-related allegations, U.S. Bank's motion should be construed as a premature

decertification motion under Federal Civil Procedure Rule 23.

## CONCLUSION

For the reasons set forth above, U.S. Bank's motion (#10) to dismiss is denied.


Dated this 28th day of December, 2009.

Honorable Paul Papak
United States Magistrate Judge