FILED
JUN 21 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RACHELLE CAPPS, EDWARD
DZIALO, and JAMES WILFORD,

        Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,

        Defendant.

CV 09-752-PK

AMENDED OPINION AND ORDER

PAPAK, Magistrate Judge:

Plaintiffs Rachelle Capps, Edward Dzialo, and James Wilford filed this wage and hour class action lawsuit on behalf of themselves and others similarly situated against defendant U.S. Bank National Association ("U.S. Bank") on July 1, 2009. Plaintiffs allege U.S. Bank's liability for violation of Or. Rev. Stat. 652.140, which requires employers to pay employees their final wages within a specified time following the termination of the employees' employment. This

Page 1 - AMENDED OPINION AND ORDER

court has jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1332(d)(2).

Now before the court is plaintiffs' letter motion to compel, dated April 14, 2010. For the following reasons, the letter motion is granted in part and denied in part as set forth below.

## ANALYSIS

### I.  Legal Standards and Applicable Law

#### A.  Scope of Permissible Discovery, Generally

Federal Civil Procedure Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the district courts should limit the scope of discovery under specified circumstances, as follows:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Page 2 - AMENDED OPINION AND ORDER

Fed. R. Civ. P. 26(b)(2)(C).

**B.     Motion to Compel**

As noted above, Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an order compelling an answer, designation, production, or inspection" if, *inter alia*:

   (iii)   a party fails to answer an interrogatory submitted under Rule 33, or

   (iv)    a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. Pro. 37(a)(3)(B). Moreover, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

## II. Discovery Dispute

Defendant U.S. Bank has refused to provide answers to plaintiffs' Interrogatories Nos. 3, 9, and 10, and to produce documents responsive to plaintiffs' Requests for Production Nos. 5 and 12. Plaintiffs' letter motion to compel is analyzed in connection with each discovery request separately below.

### A. Interrogatories

#### 1. Interrogatory No. 3

Plaintiffs' Interrogatory No. 3, and U.S. Bank's response thereto, are as follows:

> **Interrogatory No. 3:** For each of the three years preceding the filing date of the complaint in this action, identify the number of instances where U.S. Bank paid wages to a discharged U.S. Bank Oregon employee after the business day following the discharge.
>
> **Answer:** In addition to the General Objections above, defendant objects to this request on the grounds that it seeks information that is irrelevant, is overbroad, and beyond the scope of discovery. Further, defendant objects to the extent this interrogatory seeks class-wide discovery. No class has been certified and other courts reviewing the issue have ruled that class certification was not proper.

Through this interrogatory, plaintiffs seek the number of employees discharged by U.S. Bank within the limitations period applicable to the claims at issue in this lawsuit who were not paid their final wages within one business day following their termination. While the answer to Interrogatory No. 3 will not, without additional information, constitute a fact directly material to plaintiffs' claims or to the class certification question the parties are preparing to address, it is plainly calculated to lead to the production of admissible evidence bearing directly and materially on the numerosity element of the class certification analysis.

Moreover, U.S. Bank has conceded that the number of Oregon employees discharged

within the applicable time period is 966. Thus U.S. Bank will be required to look at the paperwork associated with 966 employees to determine the answer to Interrogatory No. 3. While 966 records is a large number, compliance with the interrogatory would not be unduly burdensome. Plaintiffs' letter motion to compel is therefore granted as to Interrogatory No. 3.

### 2. Interrogatory No. 9

Plaintiffs' Interrogatory No. 9[1] is as follows:

> **Interrogatory No. 9:** Limited to the three years preceding the filing date of the complaint in this action, describe and explain U.S. Bank's review(s) or audit(s) performed to verify U.S. Bank's compliance with Oregon's requirements for timely payment of wages at the end of employment.

The information requested in Interrogatory No. 9 bears directly upon the commonality element of the class certification analysis that the parties will soon call upon this court to make, and likely also upon the typicality element of the class certification inquiry. If U.S. Bank had or did not have procedures in place for ensuring compliance with Oregon law for final payment of wages, plaintiffs are entitled to that information.

In addition, this interrogatory is calculated to lead to the production of admissible evidence bearing on the willfulness requirement for liability in connection with late payment of final wages, *see* O.R.S. 652.150(1), which U.S. Bank expressly concedes will be an issue in this action. Plaintiffs' letter motion to compel is therefore granted as to Interrogatory No. 9.

### 3. Interrogatory No. 10

Plaintiffs' Interrogatory No. 10, and U.S. Bank's response thereto, are as follows:

> **Interrogatory No. 10:** Identify all BOLI complaints filed by discharged U.S. Bank employees seeking wages or penalty wages for U.S. Bank's failure to

---

[1] Neither party has provided the court with U.S. Bank's response to Interrogatory No. 9.

Page 5 - AMENDED OPINION AND ORDER

> comply with O.R.S. 652.140, including name of employee, date of complaint, and employee's last known address and telephone number, employee's discharge date, and located [*sic*] employee worked for U.S. Bank. The request is limited to the three years preceding the filing date of the initial complaint in this action.
>
> **Answer:** In addition to the General Objections above, defendant objects to this request as seeking information that is protected by the attorney-client privilege, the work product doctrine, trial preparation materials, and the mental impressions of counsel. Defendant further objects on the grounds that the request fails to identify the documents sought with reasonable particularity, and on the grounds that the request is vague and ambiguous.

Through Interrogatory No. 10, plaintiffs seek information that bears directly upon the numerosity and commonality elements of the class certification analysis, and likely also on the typicality element. In addition, U.S. Bank's answer to Interrogatory No. 10 will plainly be relevant to the willfulness requirement of O.R.S. 652.150(1). Plaintiffs' letter motion to compel is therefore granted as to Interrogatory No. 10.

### B.  Requests for Production of Documents

Plaintiffs' Request for Production No. 5, and U.S. Bank's response thereto, are as follows:

#### 1.  Request for Production No. 5

> **Request for Production No. 5:** Any and all documents and ESI upon which U.S. Bank may rely upon [*sic*] to assert that any Plaintiff is not typical or an adequate representative for putative class members in this lawsuit.
>
> **Response:** In addition to the General Objections above, defendant objects to this request on the grounds that it seeks information that is irrelevant, is overbroad, and beyond the scope of discovery. Further, defendant objects to the extent this interrogatory seeks class-wide discovery. No class has been certified and other courts reviewing the issue have ruled that class certification was not proper.

U.S. Bank asserts that it has already produced plaintiffs' personnel files, and argues that it need not produce additional documents for the reasons articulated in its response. However, it is clear

that plaintiffs do not seek privileged documents of any kind in response to Request for Production No. 5, since U.S. Bank will not rely on privileged documents to establish the absence of typicality or adequacy or, if it plans to do so, it will thereby waive any applicable privilege. To the extent documents responsive to Request for Production No. 5 exist, they should be produced. Plaintiffs' letter motion to compel is therefore granted as to Request for Production No. 5.

### 2. Request for Production No. 12

Plaintiffs' Request for Production No. 12, and U.S. Bank's response thereto, are as follows:

> **Request for Production No. 12:** For each Oregon employee[] who was discharged by U.S. Bank in the three years preceding the filing of the initial complaint in this action, any and all documents and ESI that records [sic] or reflect each employee's:
>
> a) full name;
> b) social security number;
> c) last known address;
> d) date(s) of termination;
> e) reason for termination;
> f) date of payment of wages at and/or after termination;
> g) rate of pay; and
> h) data comprising the itemized wage statement at and/or after termination.
>
> Pursuant to F.R.C.P. Rule 34(b)(1)(C), Plaintiffs request that the above data be produced in an Excel spreadsheet format, unless it is not available as an Excel Spreadsheet or is not ESI that is convertable to an Excel Spreadsheet. In that case, Plaintiffs request that the data be produced as stated above in Instructions f through i. If the above data is not available as ESI, then Plaintiffs request that the data be provided in documents. If the above data is available as both Documents and ESI, then produce as ESI, unless the data in each form is not identical, in which case produce both documents and ESI.
>
> **Response:** In addition to the General Objections above, defendant objects to

Page 7 - AMENDED OPINION AND ORDER

> this request on the grounds that it seeks information that is irrelevant, overbroad, and beyond the scope of discovery. Further, defendant objects to the extent this interrogatory seeks class-wide discovery. No class has been certified and other courts reviewing the issue have ruled that class certification was not proper.

Plaintiffs assert that they have obtained deposition testimony from a U.S. Bank employee establishing that the data requested can easily and quickly be accessed in U.S. Bank's databases and stored as an excel spreadsheet. U.S. Bank does not dispute that the information is subject to easy and swift retrieval, or that it can be saved to a spreadsheet in the excel format.

Instead, U.S. Bank asserts that some of the data requested, including name, social security number, and reason for termination, are not relevant to the class certification analysis. I agree, and add that rate of pay is likewise irrelevant to the class certification inquiry. The remaining information requested is clearly relevant to the numerosity, commonality, and typicality elements of the class certification analysis. Plaintiffs' letter motion to compel is therefore granted as to Request for Production No. 12, subparts (d), (f), and (h), and denied as to Request for Production No. 12, subparts (a), (b), (c), and (g). U.S. Bank may redact documents produced in response to Request for Production No. 12(h) to remove information as to employee rate of pay before producing those documents.

## CONCLUSION

For the reasons set forth above, plaintiffs' letter motion to compel, dated April 14, 2010, is granted as to Interrogatory Nos. 3, 9, and 10, granted as to Request for Production No. 5, granted as to Request for Production No. 12, subparts (d), (f), and (h), and otherwise denied. Defendant U.S. Bank may redact documents produced in response to Request for Production No. 12(h) to

///

remove information as to employee rate of pay before those documents are produced to the plaintiffs.

Dated this 21st day of June, 2010.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge

Page 9 - AMENDED OPINION AND ORDER