FILED

SEP 2 3 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RACHELLE CAPPS, EDWARD
DZIALO, and JAMES WILFORD,

            Plaintiffs,

                               CV 09-752-PK

                               OPINION AND
v.                             ORDER

U.S. BANK NATIONAL ASSOCIATION,

            Defendant.

_____

PAPAK, Magistrate Judge:

      Plaintiffs Rachelle Capps, Edward Dzialo, and James Wilford filed this wage and hour

class action lawsuit on behalf of themselves and others similarly situated against defendant U.S.

Bank National Association ("U.S. Bank") on July 1, 2009. Plaintiffs allege U.S. Bank's liability

for violation of Or. Rev. Stat. 652.140, which requires employers to pay employees their final

wages within a specified time following the termination of the employees' employment. This

Page 1 - OPINION AND ORDER

court has jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1332(d)(2).

Now before the court are plaintiffs' motion (#37) for voluntary dismissal of plaintiff Capps, and plaintiffs' motion (#42) to compel discovery responses in compliance with this court's discovery orders dated June 14, 2010, and June 21, 2010. I have considered the motions, oral argument on behalf of the parties in connection with the motion to compel, and all of the pleadings on file. For the following reasons, plaintiffs' motion for voluntary dismissal is granted, and the motion to compel compliance is granted in part and denied in part as set forth below.

## LEGAL STANDARDS

### I.    Voluntary Dismissal

Voluntary dismissal of an action at a plaintiff's request is governed by Federal Civil Procedure Rule 41(a). Rule 41(a) permits a plaintiff to dismiss an action voluntarily, without first obtaining a court order, either "before the opposing party serves either an answer or a motion for summary judgment" or by the stipulation of all parties who have appeared in the action. Fed. R. Civ. P. 41(a)(1). If a court order is required, the court may order dismissal of the action on whatever terms the court considers proper, although any pending counterclaims must remain before the court for independent adjudication. *See* Fed. R. Civ. P. 41(a)(2). Unless the court's order states otherwise, voluntary dismissal under Rule 41(a)(2) is without prejudice.

Motions under Rule 41(a)(2) are "addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion," *Stevedoring Services of America v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989), by basing its decision "on an erroneous view of the law or a clearly erroneous assessment of the facts," *United States v. Rahm*, 993 F.2d 1405, 1410 (9th Cir. 1993).

Page 2 - OPINION AND ORDER

## II.    Failure to Comply with Court Order

Federal Civil Procedure Rule 37(b)(2) provides, in relevant part, as follows:

If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f),  35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

      (i)      directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

      (ii)      prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

      (iii)      striking pleadings in whole or in part;

      (iv)      staying further proceedings until the order is obeyed;

      (v)      dismissing the action or proceeding in whole or in part;

      (vi)      rendering a default judgment against the disobedient party; or

      (vii)      treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

## FACTUAL BACKGROUND

### I.    This Action

Named plaintiffs Rachelle Capps, Edward Dzialo, and James Wilford bring this action on their own behalf and on behalf of all others "similarly situated."  Plaintiffs' complaint contains allegations that each named plaintiff was an employee of defendant U.S. Bank in Oregon, that U.S. Bank terminated each plaintiff's employment, and that following each plaintiff's termination, U.S. Bank failed to make timely final payment of the plaintiff's wages in violation of Or. Rev.

Page 3 - OPINION AND ORDER

Stat. 652.140.

## II.    The Parties' Discovery Dispute

Plaintiffs having propounded various requests for production of documents and interrogatory requests in discovery in this action, defendant U.S. Bank initially refused to respond to plaintiffs' Interrogatories Nos. 3, 9, and 10, and to Requests for Production Nos. 5 and 12(a)-(h). Responding to plaintiffs' letter motion to compel dated April 14, 2010, in its order of June 14, 2010, as modified on June 21, 2010, the court ordered U.S. Bank to respond to each of those discovery requests other than subparts (a)-(c), (e), and (g) of Request for Production No. 12.

Local Rule 37-2 provides that "the party against whom an order to compel has been entered must comply with the order within fourteen (14) days after the date of entry of the order," unless otherwise directed by the court. L.R. 37-2. Plaintiffs took the position that U.S. Bank was required to comply with those portions of the court's order that were not affected by the June 21, 2010, modification by June 28, 2010, fourteen days after the initial order was entered. U.S. Bank took the position that it had until Tuesday, July 6, 2010, fifteen days following entry of the amended order, to comply with the entirety of the order as amended. Over plaintiffs' protests, U.S. Bank made its first effort to comply with the order on July 6, 2010.

On July 6, 2010, U.S. Bank produced responses to the Interrogatories at issue, a spreadsheet purportedly responsive to the applicable subparts of Request for Production No. 12, and a cover letter indicating, in relevant part, that its response to Request for Production No. 5 included the first 238 pages of documents U.S. Bank had already produced in discovery (apparently 88% of U.S. Bank's total document production, including numerous clearly irrelevant

Page 4 - OPINION AND ORDER

documents), all documents plaintiffs had produced in discovery, all pleadings filed in the previous "final pay class actions" filed against U.S. Bank by the Bailey Pinney law firm, and the spreadsheet produced in response to Request for Production No. 12.

On July 7, 2010, plaintiffs' counsel wrote to U.S. Bank's counsel asking to confer within the next two days regarding purported deficiencies in U.S. Bank's production. These deficiencies included deficiencies in U.S. Bank's response to Requests for Production Nos. 5 and 12(f). In connection with Request for Production No. 5, plaintiffs' counsel identified several documents designated by U.S. Bank as responsive that had no conceivable relevance to the discovery request, and requested greater specificity in U.S. Bank's designation. In connection with Request for Production No. 12(f), plaintiffs' counsel noted that U.S. Bank had provided only the date final wage payment checks issued, and not the date those checks were tendered to the terminated employees. On July 9, 2010, U.S. Bank's counsel responded by letter that it believed its responses to Requests for Production Nos. 5 and 12 were adequate, and that it would investigate the other identified issues.

Over the next few days, the parties continued to confer regarding U.S. Bank's efforts to comply with the court's order. The parties resolved their disputes over the Interrogatory responses, but never significantly modified their positions as to Request for Production Nos. 5 and 12(f).

## ANALYSIS

**I.    Voluntary Dismissal of Capps' Claims**

Plaintiffs move for the voluntary dismissal without prejudice of Capps' claims in this action. Defendant U.S. Bank opposes plaintiffs' motion, but only to the extent the requested

Page 5 - OPINION AND ORDER

dismissal would be without prejudice; that is, U.S. Bank does not object to the voluntary

dismissal of Capps and her claims with prejudice. U.S. Bank has filed an answer in this action,

but has filed no counterclaim. Plaintiffs' motion for voluntary dismissal is therefore governed by

Federal Civil Procedure Rule 41(a)(2).

Rule 41(a)(2) permits plaintiffs to dismiss actions voluntarily without prejudice at any

stage of proceedings, subject to an order of the court, on those terms and conditions that the court

deems appropriate. "A district court should grant a motion for voluntary dismissal under Rule

41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."

*Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted); *citing Waller v. Fin.*

*Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987). In this context, "legal prejudice" refers to

"prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976, *quoting*

*Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice of this

kind does not result as a consequence of "uncertainty because a dispute remains unresolved" or

because "the threat of future litigation . . . causes uncertainty," *id.*, *quoting Westlands*, 100 F.3d

at 96-97, or because "the defendant will be inconvenienced by having to defend in another forum

or where a plaintiff would gain a tactical advantage by that dismissal," *id.*, *citing Hamilton v.*

*Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Here, U.S. Bank asserts that it would be prejudiced if plaintiffs were permitted to dismiss

Capps' claims without prejudice, but identifies no legal interest, claim, or argument which could

potentially be impacted by Capps' dismissal without prejudice. Instead, U.S. Bank argues that it

would be prejudiced if Capps were to file her claims in any proceeding other than this one,

because U.S. Bank has worked to analyze her claims and its defenses thereto in this proceeding.

However, because U.S. Bank's ability to raise its defenses to Capps' claims would be in no way impaired if Capps were to bring her claims in some new action, the prejudice U.S. Bank identifies is not grounds for refusal to grant plaintiffs' motion.

Because U.S. Bank has not identified any legal prejudice that it would suffer if plaintiffs were permitted to dismiss Capps' claims voluntarily and without prejudice, plaintiffs' motion for voluntary dismissal pursuant to Federal Civil Procedure Rule 41(a)(2) is granted.

## II.    Compliance with Court's Discovery Orders

The discovery requests that are the subject of plaintiffs' motion to compel compliance with the court's discovery orders in this action are as follows:

> **Request for Production No. 5:**  Any and all documents and ESI upon which U.S. Bank may rely upon [*sic*] to assert that any Plaintiff is not typical or an adequate representative for putative class members in this lawsuit.
>
> * * *
>
> **Request for Production No. 12:**  For each Oregon employee[] who was discharged by U.S. Bank in the three years preceding the filing of the initial complaint in this action, any and all documents and ESI that records or reflect [*sic*] each employee's:
>
> > * * *
> > f)        date of payment of wages at and/or after termination;
> > * * *
>
> Pursuant to F.R.C.P. Rule 34(b)(1)(C), Plaintiffs request that the above data be produced in an Excel spreadsheet format, unless it is not available as an Excel Spreadsheet or is not ESI that is convertable to an Excel Spreadsheet.  In that case, Plaintiffs request that the data be produced as stated above in Instructions f through i.  If the above data is not available as ESI, then Plaintiffs request that the data be provided in documents.  If the above data is available as both Documents and ESI, then produce as ESI, unless the data in each form is not identical, in which case produce both documents and ESI.

Page 7 - OPINION AND ORDER

## A.    Request for Production No. 5

Plaintiffs' Request for Production No. 5 seeks production of all documents on which U.S. Bank may rely in support of its position that the named plaintiffs cannot satisfy the typicality and adequacy requirements for maintaining a class action. As noted above, U.S. Bank's response to Request for Production No. 5 was to state in a cover letter that it would rely on the first 238 pages of documents U.S. Bank had already produced in discovery, all documents plaintiffs had produced in discovery, all pleadings filed in the previous "final pay class actions" filed against U.S. Bank by the Bailey Pinney law firm, and the spreadsheet U.S. Bank produced in response to Request for Production No. 12.

Plaintiffs now object to U.S. Bank's "bulk" designation of the first 238 pages of its prior production, and of all of plaintiffs' own production, as responsive to the request. In addition, plaintiffs object to U.S. Bank's designation as responsive "all" of the pleadings filed in all of the prior "final pay class actions" brought against U.S. Bank by the Bailey Pinney law firm. It is plaintiffs' position that U.S. Bank must identify with specificity which documents within that bulk designation are actually responsive to the request for production.

Federal Civil Procedure Rule 34(b) provides, in relevant part, that a party producing documents in response to a discovery request "must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i) (emphasis supplied). Plaintiffs cite *Tilton v. McGraw-Hill Cos.*, Case No. 06-98-RSL, 2007 U.S. Dist. LEXIS 1449 (W.D. Wash. Jan. 5, 2007), for the proposition that:

the first time defendants produce documents, they must produce them in one of

> the two manners set forth in Rule 34. If the documents are responsive to
> subsequent requests and defendants choose not to produce the documents again in
> either of the manners set forth in Rule 34, then they must provide the Bates
> numbers of the previously produced documents.

*Tilton*, 2007 U.S. Dist. LEXIS 1449 at *5. It appears from the parties submissions that U.S.

Bank's previous document production was organized in the manner the produced documents

were kept in the usual course of business. *See* Moore Decl., Exh. 5.

I find the *Tilton* court's interpretation of the manner of production provisions of Rule

34(b) unpersuasive. Where the requirements of Rule 34(b)(2)(E)(i) have been satisfied through

production of records as they are kept in the usual course of business, it would seem an empty

exercise to require a party to produce those same documents a second time in the same manner if

they happen to be responsive to subsequent discovery requests. Moreover, the plain language of

Rule 34(b)(2)(E)(i) strongly suggests that producing parties need elect only one of the two listed

principals of organization, and does not suggest that opting to produce records as kept in the

usual course of business may become inadequate if the propounding party issues further requests

for production as to which some of the documents already produced are responsive. I therefore

find that U.S. Bank's bulk designation of documents already produced as kept in the usual course

of business satisfies its manner of production requirements under rule 34(b).

As to U.S. Bank's designation of, but failure to produce, the pleadings in other cases

brought against U.S. Bank by plaintiffs' attorneys, plaintiffs have the same access to those

documents as does U.S. Bank. I see no reason to compel U.S. Bank to locate, copy, and produce

designated documents that are equally accessible to both parties.

For the foregoing reasons, plaintiffs' motion is denied in connection with U.S. Bank's

Page 9 - OPINION AND ORDER

response to Request for Production No. 5.

**B.      Request for Production No. 12(f)**

Plaintiffs' Request for Production No. 12(f) seeks the date each terminated U.S. Bank employee was *paid* final wages.  As noted above, U.S. Bank's response to Request for Production No. 12(f) was to provide the date each terminated employee's final check *issued*.

Plaintiffs note, correctly, that the date a check issues is not necessarily the same as the date the check is tendered to its recipient, and argue, likewise correctly, that it is the latter date that is relevant to determining when a terminated employee receives final payment, *see* O.R.S. 652.140.  Plaintiffs further note that U.S. Bank is required as a matter of Oregon law to "maintain and preserve" date of payment of employee wages.  *See* O.A.R. 839-020-0080(1)(l).  It is plaintiffs' position that U.S. Bank should be ordered to produce the date final payment was tendered to each terminated employee or, in the alternative, that the court should impose the adverse inference that any terminated employee not paid by direct deposit received final payment of wages three days following the date on which the final check issued.

I agree with the plaintiffs that they are entitled to the requested information, and that the information U.S. Bank offered in lieu of the requested information was neither responsive to the request nor adequate to permit plaintiffs to ascertain whether terminated plaintiffs were potential members of the putative class at issue here.  U.S. Bank is therefore ordered for the second time to produce the requested information.  In the event U.S. Bank fails to produce the requested information within eleven days of the date hereof, it shall be subject to the adverse inference plaintiffs have requested.

**CONCLUSION**

For the reasons set forth above, plaintiffs' motion (#37) for voluntary dismissal of plaintiff Capps is granted, plaintiffs' claims are dismissed without prejudice to the extent alleged on behalf of Capps, and plaintiffs' motion (#42) to compel compliance with this court's discovery orders dated June 14, 2010, and June 21, 2010, is granted as set forth above in connection with plaintiffs' Request for Production No. 12(f), and otherwise denied.

Dated this 23rd day of September, 2010.

Honorable Paul Papak
United States Magistrate Judge