FILED

OCT 27 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD DZIALO and JAMES
WILFORD,

            Plaintiffs,

                                   CV 09-752-PK

                                   OPINION AND
v.                               ORDER

U.S. BANK NATIONAL ASSOCIATION,

            Defendant.

---

PAPAK, Magistrate Judge:

      Rachelle Capps, Edward Dzialo, and James Wilford filed this wage and hour class action

lawsuit on behalf of themselves and others similarly situated against defendant U.S. Bank

National Association ("U.S. Bank") on July 1, 2009, alleging U.S. Bank's liability for violation of

Or. Rev. Stat. 652.140, which requires employers to pay employees their final wages within a

specified time following the termination of the employees' employment. On January 11, 2010,

Page 1 - OPINION AND ORDER

U.S. Bank answered the plaintiffs' complaint, alleging counterclaims for unjust enrichment, *quantum meruit*, and money had and received against plaintiff Wilford and against members of the putative class who may also have received overpayments from U.S. Bank at or near the termination of their employment. On June 25, 2010, plaintiffs moved to dismiss Capps as a plaintiff and as a putative class representative, and on September 23, 2010, the court granted plaintiffs' motion. This court has jurisdiction over plaintiffs' action pursuant to 28 U.S.C. § 1332(d)(2).

Now before the court is defendant U.S. Bank's motion (#52) for leave to amend its answer to state its counterclaims against Dzialo in addition to Wilford and members of the putative class who may also have received overpayments from U.S. Bank. I have considered the motion and all of the pleadings on file. For the reasons that follow, U.S. Bank's motion is granted in part and denied in part, as discussed below.

## LEGAL STANDARDS

After a responsive pleading has been filed in an action, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Federal Civil Procedure Rule 15 specifies that "[t]he court should freely give leave when justice so requires." *Id.* The Ninth Circuit has specified that Rule 15 is to be interpreted with "extreme liberality," *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990), *citing United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), although leave to amend is nevertheless "not to be granted automatically," *id.*

## FACTUAL BACKGROUND

U.S. Bank's current pleading, filed January 11, 2010, states counterclaims for unjust

enrichment, *quantum meruit*, and money had and received against plaintiff Wilford and other, unspecified members of the class putatively represented by Dzialo and Wilford. U.S. Bank's counterclaims against Wilford arise out of an alleged unintentional overpayment to Wilford of $117.50, reflecting pay for ten hours in excess of the total number of hours that Wilford actually worked as a U.S. Bank employee.

On June 29, 2010, U.S. Bank took the deposition of plaintiff Dzialo. In deposition, Dzialo testified that, in connection with the termination of his employment with U.S. Bank, U.S. Bank had offered him $3,156.25 as a severance payment on the condition that he execute a release of employment-related claims against U.S. Bank. Dzialo further testified that he never executed the release, but that U.S. Bank nevertheless deposited the amount of $3,156.25 directly to his bank account. Dzialo further testified that, although he knew that U.S. Bank had intended to condition the payment on execution of the release of claims, and although he did not know whether he was entitled to retain the proceeds of the payment, he never advised anyone at U.S. Bank that he had received the payment and never tendered the payment back to U.S. Bank.

U.S. Bank now seeks to allege its counterclaims for unjust enrichment, *quantum meruit*, and money had and received against Dzialo in connection with Dzialo's failure to return the $3,156.25 that U.S. Bank deposited to his account.

## ANALYSIS

A motion for leave to amend should be granted unless there has been a showing that to permit the amendment would produce an undue delay in the litigation, that the motion was brought in bad faith or out of dilatory motive, that the movant has repeatedly failed to cure deficiencies in the complaint by previous amendments, that the proposed amendment would

unduly prejudice an opposing party, or that the proposed amendment would result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Moreover, it is well settled that, of these factors, the most important is the potential for prejudice to opposing parties, *see Jackson*, 902 F.2d at 1387, *citing Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971), that futility alone is sufficient grounds for denying a motion to amend, *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004), *quoting Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003), and that undue delay alone is insufficient to justify the denial of a motion for leave to amend, *see Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The Ninth Circuit has held that "a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), *citing Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). The district courts have authority to grant a motion for leave to amend only in part where the factors justifying denial apply only to some and not to all of the proposed amendments. *See, e.g., Wagner v. Posner*, Case No. 09-CV-3166 FCD KJN P, 2010 U.S. Dist. LEXIS 95062 (E.D. Cal. August 26, 2010); *Vieste, LLC v. Hill Redwood Dev.*, case No. C 09-04024 JSW, 2010 U.S. Dist. LEXIS 92387 (N.D. Cal. August 11, 2010); *Hildes v. Andersen*, Case No. 08-CV-8-BEN, 2010 U.S. Dist. LEXIS 72086, 28-29 (S.D. Cal. July 19, 2010).

Here, plaintiffs argue that U.S. Bank's motion should be denied because the proposed amendments are brought in bad faith, are "the result of" (as opposed to "would result in") undue delay, and would result in futility for lack of merit. I address each argument in turn. Because, for the reasons that follow, it is in the interests of justice to permit U.S. Bank to amend its

Page 4 - OPINION AND ORDER

pleading to state claims against Dzialo for unjust enrichment and for money had and received,
U.S. Bank's motion is granted to the extent U.S. Bank seeks to amend its pleading to state its
counterclaims for unjust enrichment and money had and received against Dzialo. However,
because the new facts U.S. Bank proposes to plead do not give rise to a *quantum meruit* claim
against Dzialo, U.S. Bank's motion is denied to the extent U.S. Bank seeks to amend its pleading
to state its counterclaim for *quantum meruit* against Dzialo.

### A.    Bad Faith

Plaintiffs offer the declaration testimony of their attorney, Karen A. Moore, that attorney
P. Andrew McStay, counsel to U.S. Bank, told her in the course of conferring regarding U.S.
Bank's motion that U.S. Bank "doesn't worry" about overpayments it may make to its departing
employees unless those former employees subsequently bring lawsuits against U.S. Bank.
Plaintiffs argue on the basis of Moore's testimony that U.S. Bank's motives for stating its
counterclaims against Dzialo are retaliatory, and that therefore its proposed amendments are
brought in bad faith. Plaintiffs' argument is unpersuasive.

First, U.S. Bank offers in response attorney McStay's testimony that, in conference with
attorney Moore, he advised her that U.S. Bank had not been aware of its overpayment to Dzialo
prior to his deposition, that U.S. Bank may not be concerned to pursue its former employees in
connection with overpayments made to them in every case, and that U.S. Bank did plead
counterclaims in connection with such overpayments when appropriate. That is, McStay testifies
that Moore either misapprehended or misconstrued the import of his statements to her.

Second, even in the absence of McStay's clarification, Moore's testimony is not sufficient
to support plaintiffs' theory that U.S. Bank is acting in bad faith. Plaintiffs have offered no

evidence beyond speculation and presumption that U.S. Bank was aware of the overpayment to Dzialo in advance of Dzialo's deposition, and U.S. Bank offers evidence to the contrary. There is, moreover, nothing untoward or improper about U.S. Bank's decision to pursue its counterclaim against Dzialo in the context of these proceedings, once the overpayment came to its attention.

Finally, the suggestion that U.S. Bank may have intentionally forborne to pursue its approximately $3,000 claim against Dzialo until such time as Dzialo elected to pursue his relatively much smaller wage and hour claim against U.S. Bank is counterintuitive, in that it would be manifestly cost-ineffective for U.S. Bank to pursue any such tactic. Moore's testimony does nothing to mitigate, let alone overcome, the inherent implausibility of plaintiffs' position.

Because plaintiffs have not made a sufficient showing of bad faith on the part of U.S. Bank to overcome the presumption in favor of granting motions for leave to amend, plaintiffs' bad faith argument provides no grounds for denying U.S. Bank's motion.

### B.    Undue Delay

Plaintiffs argue, not that permitting U.S. Bank to amend its pleading would cause undue delay in these proceedings, but rather than U.S. Bank has unduly delayed its decision to seek leave to amend its pleading. In support, plaintiffs offer their presumption that U.S. Bank is likely to have discovered its overpayment to Dzialo "before this case was filed." However, as noted above, U.S. Bank offers evidence that it first learned of the overpayment to Dzialo while conducting Dzialo's deposition, and plaintiffs offer no evidence in support of their contrary position.

In fact, the evidentiary record offers no grounds to suppose that granting U.S. Bank's

Page 6 - OPINION AND ORDER

motion would unduly delay these proceedings. No trial date has yet been set, and discovery remained ongoing as of the date U.S. Bank filed its motion. Moreover, the proposed amendments appear unlikely to necessitate significant new discovery. Plaintiffs' undue delay argument provides no grounds for denying U.S. Bank's motion.

### C.    Futility

Plaintiffs argue that all three of the proposed counterclaims against Dzialo are futile as a matter of law because, under Oregon law, there is no cause of action for recovery of a voluntary payment made with knowledge of facts which would excuse payment, *see Adams v. Crater Well Drilling, Inc.*, 276 Or. 789, 793 (1976), because the proposed unjust enrichment counterclaim necessarily fails as a matter of law for the additional reason that a claim for unjust enrichment presupposes an implied contract, *see Stovall v. State by & Through Oregon DOT*, 324 Or. 92, 127 (1996), and because the proposed *quantum meruit* claim necessarily fails as a matter of law for the additional reason that *quantum meruit* is a quasi-contractual remedy permitting the recovery of the reasonable value of services or benefits conferred, and not for the return of moneys paid in error, *see Kashmir Corp. v. Patterson*, 289 Or. 589, 591 (1980).

As a preliminary matter, I note that plaintiffs' reliance on *Adams* is misplaced. The *Adams* court addressed the situation in which an invoicee voluntarily paid an invoice with knowledge that the invoice referenced a debt the invoicee was under no obligation to honor. *See Adams*, 276 Or. at 791-792. I am aware of no Oregon court that has applied the principle articulated in *Adams* in support of the conclusion that an employer or former employer may never recover an inadvertent overpayment to an employee. Moreover, there is no evidence here that U.S. Bank intentionally rather than inadvertently tendered the payment to Dzialo, so that the

*Adams* holding is inapposite on its own terms.

Plaintiffs' arguments in connection with the proposed unjust enrichment claim are equally unavailing. Under Oregon law, the elements of a claim for unjust enrichment "are a benefit conferred, awareness by the recipient that a benefit has been received and, under the circumstances, [that] it would be unjust to allow retention of the benefit without requiring the recipient to pay for it." *Edward D. Jones & Co. v. Mishler*, 161 Or. App. 544 (1999) (internal quotation marks omitted), *quoting Jaqua v. Nike, Inc.*, 125 Or. App. 294, 298 (1993). The Oregon courts have held that it is unjust to allow retention of such a benefit when at least one of the following is true:

(1)     the plaintiff had a reasonable expectation of payment;

(2)     the defendant should reasonably have expected to pay; or

(3)     society's reasonable expectations of security of person and property would be defeated by non-payment.

*Jaqua*, 125 Or. App. at 298, *quoting* 1 Corbin, Contracts § 19A. While plaintiffs are correct that a claim for unjust enrichment therefore presupposes an implied contract, *see Stovall*, 324 Or. at 127, the new facts U.S. Bank proposes to allege give rise to just such an implied contract: U.S. Bank indicated that it would pay Dzialo $3,156.25 on the condition that Dzialo would execute a release of claims, and Dzialo accepted tender of $3,156.25 from U.S. Bank with awareness that U.S. Bank had conditioned its payment of that amount of Dzialo's execution of the release. Under the circumstances alleged, U.S. Bank may lay a claim for unjust enrichment.

By contrast, plaintiffs' arguments regarding the *quantum meruit* claim are well taken. As the Oregon Supreme Court has affirmed:

**A claim for the reasonable value of goods or services** is sometimes referred to as a claim in quasi contract or a claim for quantum meruit. It is not a claim based upon an express contract. Rather, it is a claim which the law will allow although the claim could not be based upon an express contract. **It is a remedial device which the law has formulated to permit recovery for services or materials from a party even though under the law of express contracts that party would not be obligated to pay.**

*Kashmir*, 289 Or. at 591 (emphasis supplied; citations omitted). Here, on the facts U.S. Bank proposes to allege, U.S. Bank is not seeking the reasonable value of services or benefits it has provided to Dzialo, but rather is seeking return of moneys inadvertently paid to him. *Quantum meruit* is therefore inapplicable here, and the proposed claim would be subject to dismissal if U.S. Bank were permitted to state the claim. Because the proposed amendments would therefore result in futility to the extent U.S. Bank seeks to state its *quantum meruit* claim against Dzialo, the motion is to that extent denied. *See Johnson*, 356 F.3d at 1077.

Finally, plaintiffs' futility arguments provide no grounds for denying the motion to the extent U.S. Bank seeks to amend its pleading to state a claim for money had and received against Dzialo. "Recovery on a theory of money had and received is based on a promise implied by law and on the equitable principle that one who has been unjustly enriched at the expense of another is required to make restitution." *C. A. M. Concepts, Inc. v. Gwyn*, 206 Or. App. 122, 128 (2006). An action for money had and received "may, in general, be maintained whenever one has money in his hands belonging to another, which, in equity and good conscience, he ought to pay over to that other." Powell v. Sheets, 196 Or. 682, 700 (1952). U.S. Bank proposes to allege that Dzialo elected to hold $3,156.25 that he had reason to know belonged to U.S. Bank and ought in equity to have been returned to it. Under those circumstances, a claim for money had and received may lie.

Page 9 - OPINION AND ORDER

**D.    Prejudice**

Although plaintiffs do not expressly argue that U.S. Bank's motion should be denied on the basis of prejudice, their arguments do raise the issue of prejudice, in that they argue that Dzialo would be prejudiced if required to engage in discovery in connection with the proposed claims against him.  However, in light of the facts that the proposed new claims are already at issue in this litigation and that the proposed amendments appear unlikely to necessitate significant new discovery, plaintiffs have not made a showing of prejudice sufficient to warrant denial of U.S. Bank's motion.

## CONCLUSION

For the reasons set forth above, U.S. Bank's motion (#52) for leave to amend is denied as to the proposed amendments to allege a *quantum meruit* claim against plaintiff Dzialo, and otherwise granted.

Dated this 27th day of October, 2010.

Honorable Paul Papak
United States Magistrate Judge

Page 10 - OPINION AND ORDER